# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELWANNA SIMPSON, | : | |
|     Plaintiff | : | CIVIL ACTION |
| v. | : | No. 18-2272 |
| | : | |
| TEMPLE UNIVERSITY AND T.J. LOGAN, | : | |
|     Defendants | : | |

**MCHUGH, J.**                                                                                                                 **August 1, 2019**

## MEMORANDUM

This is an action under the Family Medical Leave Act. Discovery has closed, and in response to Defendants' Motion for Summary Judgment, Plaintiff seeks leave to amend her Complaint, asserting materially different facts, and what purports to be a new cause of action. Considering Plaintiff's delay, what I perceive to be bad faith, and clear prejudice to Defendants, leave to amend will be denied.

### I.    Factual and Procedural Background

Plaintiff, previously employed by Defendant Temple University and supervised by Defendant Logan, filed suit in this Court under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*, alleging that she was fired because she sought leave under the FMLA. Her complaint outlined several counts under the FMLA involving Defendants' purported interference with her rights and retaliation for asserting them. Defendants have responded with evidence that the decision to terminate Plaintiff was made on January 19, 2018, four days before Plaintiff filed her request for FMLA leave on January 23, 2018, and was made on the basis of several well-documented incidents of Plaintiff intimidating her direct reports and failing to provide appropriate supervision.

1

The pending motion to amend proposes two material changes to the complaint. First, Plaintiff now posits that "Defendant Logan acknowledged that he knew of Plaintiff's application for FMLA prior to terminating her." Pl.'s Proposed Am. Compl. 3, ECF No. 32-3. Second, Plaintiff asserts a new cause of action styled "Pretext/Pretextual Termination." This stands in stark contrast to the original complaint, which made no allegation that Defendant Logan, Plaintiff's supervisor, knew she had requested an FMLA package before making the decision to fire her. It also stands in stark contrast to the record in this case. At deposition, Plaintiff testified that she spoke to only one Temple employee, Erin Allen, about her request for FMLA leave. Pl.'s Dep. 202:20-202:24, ECF No. 28-1. The deposition of Ms. Allen revealed that the request for such leave was sent to her on January 23, 2019, and her testimony was that Mr. Logan would not become aware of it until it was processed, typically five days later. Allen Dep. 15:7-17:19, ECF No. 28-14. Mr. Logan testified that he did not become aware of the request until a later point, Logan Dep. 21:16-21:21, ECF No. 28-2, and emails produced in discovery established that his decision to terminate Ms. Simpson was made on January 19, 2018 or earlier, and formally submitted to the Human Resources Department on January 22, 2018, before Plaintiff even submitted her FMLA leave request. ECF Nos. 28-3, 28-5. Depositions confirmed Mr. Logan's lack of awareness. Logan Dep. 21:16-22:24, ECF No. 28-2; Allen Dep. 20:16-20:19, ECF No. 28-14. Plaintiff conceded that she did not know when Defendant Logan may first have learned of the request. Pl.'s Dep. 216:7-216:10 (responding that she did not know when Defendant Logan first became aware that she had requested FMLA leave). Plaintiff further testified that she could not connect her termination to her FMLA request. Pl.'s Dep. 139:14-139:16 (answering that she had "no clarity" as to why she was terminated).

In short, Plaintiff seeks to amend her complaint in a manner that is flatly contradicted by the record, offering no explanation apart from counsel's suggestion that he made an error in pleading the case. Not surprisingly, Defendants oppose the motion.

**II.     Standard of Review**

Where the time limits for amending pleadings as a matter of course have expired, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule provides that the court should freely give leave when justice so requires, but the court, in its discretion, may deny leave to amend when there is undue delay, prejudice, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017).

A. <u>Undue Delay</u>

Undue delay is reason to deny leave to amend if it is "protracted and unjustified," because it "can place a burden on the court or counterparty." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). Prolonged delay can also demonstrate "a lack of diligence sufficient to justify a discretionary denial of leave." *Id.* Denial of leave to amend is therefore justified when adding a new claim would "fundamentally alter[] the proceeding and could have been asserted earlier." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001). A critical issue is "the movant's *reason*[] for not amending sooner." *Mullin*, 875 F.3d at 151 (emphasis added).

Here, no new fact has emerged in ten months of discovery that would alter what Plaintiff originally pled. Indeed, Defendant Logan denied under oath that he knew of Ms. Simpson's FMLA application, and the testimony of Ms. Allen and the documentary evidence of record

3

support that denial. Whatever Plaintiff purports to know now she would necessarily have known at the outset of this case.

Plaintiff provides no cogent reason for not seeking leave to amend sooner, an important consideration under *Mullin,* 875 F.3d at 151. Her motion to amend is barely two double-spaced pages long and provides as a justification, with no further elaboration, the following: "a mistake in the original pleading (Complaint); "to correct a pleading error." Pl.'s Memo Mot. Am. Compl. 1 (ECF No. 32); Pl.'s Mot. Am. Compl. 1 (ECF No. 32-2). Because Plaintiff offers no reasonable excuse for the occurrence of this "mistake" or any reason it was not corrected until the defense moved for summary judgment, denial of leave to amend is warranted solely on the basis of undue delay. But there are also other reasons to deny leave.

B. Prejudice

The imposition of "additional discovery, cost, or preparation to defend against new facts or new theories" may prejudice a defendant. *Cureton*, 252 F.3d at 273. In exercising discretion, a district judge must "articulate the prejudice caused by the delay and [] balance those concerns against the reason for delay." *Id.* at 276.

Defendants here will surely be burdened by Plaintiff's proposed amendments. First, to allow Plaintiff now to allege that Defendant Logan acknowledged awareness of Plaintiff's application for FMLA would require a reopening of discovery, which took place over a period of 10 months. Second, Temple and Logan have defended this case on the basis of Plaintiff's original allegations, including the filing of a motion for summary judgment in accordance with the case management order. In effect, recognizing that her case is in jeopardy, Plaintiff seeks leave to relitigate her claims under a different and contradictory set of facts. Such a "do-over" is

4

a textbook example of prejudice. Moreover, the balancing required by *Cureton* overwhelmingly favors Defendants because Plaintiff advances no discernible reason for her delay.

C. Bad Faith

For all practical purposes, Plaintiff seeks to amend her complaint as a predicate to opposing the pending motion for summary judgment. For Plaintiff to sustain her retaliation claim, she must show that Defendant Logan was aware of her FMLA leave request before he fired her. But not only did Plaintiff not assert such a fact in the Complaint, she was unable to attribute such knowledge to Logan in her deposition, and affirmatively represented that she did not notify anyone other than Erin Allen of her FMLA request. Pl.'s Dep. 202:20-202:24.[1] Allen has testified without contradiction that she did not directly advise Logan, Allen Dep. 20:16-20:19, who would not have otherwise learned of the application until it was processed. And, as noted above, there is compelling documentary evidence that Logan had decided to fire Ms. Simpson before her FMLA request was even submitted. Plaintiff now asserts the opposite: that Defendant Logan knew of her application prior to firing her, that he acknowledged this, and that he terminated her in response to her FMLA request.

The proposed amendment is therefore analogous to a sham affidavit submitted in opposition to a motion for summary judgement:

> [A] party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict . . . . When a party does not explain the contradiction between the subsequent affidavit and the prior deposition, the alleged factual issue in dispute can be perceived as a 'sham,' thereby not creating an impediment to a grant of summary judgment based on the deposition.

*Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004) (internal citations omitted).

---

[1] Jill Allen stated in her deposition that she did not apprise Defendant Logan, Plaintiff's supervisor, of Plaintiff's FMLA leave request but assumed that he would be notified eventually through system processes. Allen Dep. 18:10-20:23.

Given the record in this case, and the utter lack of any explanation for the proposed amendment, I am persuaded that Plaintiff's newly proposed factual assertions have no reasonable basis and indicate bad faith.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint will be denied. An appropriate Order follows.

/s/ Gerald Austin McHugh
Gerald Austin McHugh
United States District Judge